UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THEODORA RANDOLPH, | Case No. 2:20-CV-1896 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| ALBERTSONS LLC D/B/A ALBERTSONS #1059, | |
| Defendant(s). | |

Presently before the court is plaintiff Theodora Randolph's ("Randolph") motion to remand. (ECF No. 10). Defendant Albertsons LLC ("Albertsons") filed a response in opposition (ECF No. 12) to which Randolph replied (ECF No. 13).

**I.   Background**

Randolph alleges that she was visiting the Albertsons at 5500 Boulder Highway in Las Vegas when she was struck from both sides by the automatic sliding glass doors while exiting the store. (Compl., ECF No. 1-2 at ¶ 11). Randolph suffered injuries to her neck, back, ankle, and upper arm and has post-traumatic headaches. (Pl.'s Req. for Exemption from Arbitration, ECF No. 1-2 at 35). As of October 1, 2020, Randolph has incurred $32,811.24 in medical bills. (*Id.* at 38).

Randolph sued Albertsons in Nevada state court, alleging a simple negligence claim. (ECF No. 1-2). Albertsons removed the case to this court (ECF No. 1) and Randolph now asks the court to remand the case. (ECF No. 10).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**II.      Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Under the removal statue, a defendant may remove any civil action over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a).

After a defendant learns that an action is removable, it has thirty days to file a notice of removal. *Id.* §1446(b). That is, "the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (quoting 28 U.S.C. § 1446(b)(2)).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must show by a preponderance of the evidence that the court has original jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). The court will resolve all ambiguities in favor of remand. *Hunter*, 582 F.3d at 1042. Thus, if removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The removing defendant does not have to predict the eventual award with legal certainty. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). But it "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567.

**III.     Discussion**

The parties disagree over whether the amount in controversy exceeds $75,000. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.' " *Ibarra v. Manheim Invests., Inc*. 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

James C. Mahan
U.S. District Judge

- 2 -

Here, Randolph does not plead a specific damages amount. (ECF No. 1-2 at 12). Her prayer for relief is: "(1) For special and general damages, both past and future, in an amount in excess of $15,000; (2) Prejudgment interest; (3) Statutory penalties and/or damages; (4) Attorneys' fees and costs of suit; and (5) For such other and further relief as the Court may deem just and proper." (*Id.*). Because Nevada's Rules of Civil Procedure allow a plaintiff to generally plead damages "in excess of $15,000" without further specification of the amount, no adverse inference should be made from Randolph's complaint. Nev. R. Civ. P. 8(a)(4); *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045, at *2 (D. Nev. June 24, 2010).

As a result, it is not evident from the face of Randolph's complaint that the amount in controversy requirement is met. Thus, the "amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). The parties can offer any "summary-judgement-type evidence," *id.*, and, as aforementioned, Albertsons must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gaus*, 980 F.2d at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Albertsons offers Randolph's Request for Exemption from Arbitration which avers that the amount in controversy exceeds $50,000. (ECF No. 1-2 at 35). It also offers Randolph's January 2, 2020 pre-litigation $164,800 settlement offer as the "only reliable computation" of Randolph's unspecified future medical specials and general damages. (ECF No. 12 at 4). In other words, it has met its burden to show that "what the plaintiff hopes to get out of the litigation" exceeds the jurisdictional amount. (*Id.* (quoting *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)). And Randolph's offer of judgment for less than $75,000 should be disregarded because it was offered *after* removal to defeat diversity jurisdiction. (*Id.* at 5).

In response, Randolph states that her medical bills to date total $32,811.24 and that "a jury would need to give [her] double her medical bills and an additional $9,378.52 before this Court would have jurisdiction, an unlikely scenario." (ECF No. 10 at 3). Randolph

**James C. Mahan**
**U.S. District Judge**

- 3 -

states that she only sought exemption from arbitration because "she believed her case to have a value in excess of $50,000" but "there is a difference between $50,000 and $75,000." (ECF No. 13 at 2).

A settlement letter is relevant only if it "reflect[s] a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (noting that while a "settlement offer, by itself, may not be determinative, it counts for something"); *Soriano v. USAA Ins. Agency*, Inc., No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045, at *2 (D. Nev. June 24, 2010).

The court is not convinced that the settlement letter reflects a reasonable estimate of Randolph's claim. *Cf. Wolf v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-CV-00589-GMN, 2014 WL 6882937, at *4 (D. Nev. Dec. 4, 2014). Randolph also now disavows her "inflated" settlement offer unlike the plaintiff in *Cohn*. (ECF No. 13 at 2); *Cohn*, 281 F.3d at 840 ("Cohn could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence."). And apart from Randolph's settlement letter, Albertsons offers no good estimate of Randolph's damages. In fact, Randolph's January 2, 2020 settlement letter and her October 1, 2020 request for exemption from arbitration both state the same $32,811.24 amount in accrued medical bills, which suggests that she is not accruing any more potential medical special damages. *Compare* (ECF No. 1-2 at 35), *with* (ECF No. 12-1).

At bottom, the evidence at this stage shows that Randolph "has a case valued between $50,000 and $75,000." (ECF No. 13 at 4). Because Albertsons has not established by a preponderance of the evidence that the amount in controversy exceeds $ 75,000, this case is remanded back to state court.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Randolph's motion to remand (ECF No. 10) be, and the same hereby is, GRANTED.

DATED December 2, 2020.

_____
UNITED STATES DISTRICT JUDGE